E-FILED
Wednesday, 15 September, 2021 03:15:24 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DURWYN TALLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  No.: 21-1218- JBM |
| | ) |
| **ANDREW TILDEN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER and ORDER ON INJUNCTIVE RELIEF

Plaintiff, proceeding *pro se*, has filed a complaint, petition to proceed *in forma pauperis* ("IFP"), and a motion for temporary restraining order and preliminary injunction, alleging various claims including retaliation and deliberate indifference to his serious dental needs at the Pontiac Correctional Center ("Pontiac"). Plaintiff is a prodigious litigator having filed more than 30 cases in federal court and 51 cases altogether. Twenty or more have been filed after Plaintiff was assessed three strikes for filing frivolous pleadings. As a result, Plaintiff may not proceed in forma pauperis as requested, absent a showing that he is in imminent danger of serious physical injury. *See* 28 U.S.C. §1915(g). In addition, on July 28, 2020, the Seventh Circuit Court of Appeals entered an amended order prohibiting Plaintiff from engaging in further litigation unless in imminent danger of serious physical injury requiring judicial intervention. The Seventh Circuit noted that "[w]hether such a danger exists is a question for the district judge, and Talley's claims of danger will not be automatically accepted." *Talley v. Meister*, No. 19-3032 (7th Cir. July 28, 2020) [ECF 19].

The complaint is now before the Court for purposes of a merit review. In reviewing the complaint, and being mindful of the Appellate Court's admonition, this Court is hesitant in accepting all of the factual allegations as true, although liberally construing them in Plaintiff's

favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). In addition, Plaintiff may not proceed IFP unless he successfully pleads imminent danger of serious physical injury. The imminent danger exception is to be narrowly construed as it is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat ...is real and proximate." *Heimermann v Litscher,* 337 F3d 781 (7th Cir. 2003) *citing Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). The threatened harm must be occurring "at the time the complaint is filed." *Ciarpagini v. Saini,* 352 F3d 328, 330 (7th Cir. 2003). In addition, the danger must involve "serious physical injury." 28 U.S.C. § 1915(g). A court should deny a 3-strike plaintiff leave to proceed *in forma pauperis* "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpagini,* 352 F3d at 330, or improbable.

## ALLEGATIONS

In this complaint, Plaintiff references another of his cases, *Talley v. John Doe Dentist #1*, No. 20-1438 (C.D. Ill. Dec. 17, 2020) (*John Doe #1*). There, Plaintiff filed a complaint, petition to proceed IFP, and motion for temporary restraining order and permanent injunction, alleging the failure to treat his pain and provide adequate dental treatment. In *John Doe # 1*, the Court ordered that a dental or medical provider file a response, addressing the allegations of imminent danger. The Court found that the response, records, and supporting affidavit refuted Plaintiff's claims of imminent danger. The Court denied leave to proceed *in forma pauperis* and denied the requested injunctive relief. The case was later dismissed without prejudice when Plaintiff failed to pay the filing fee.

In the current complaint, Plaintiff alleges deliberate indifference as to the dental care he received on and after February 19, 2021 and claims that Defendants "lied" in their *John Doe #1* response to the motion for injunctive relief. As any untruthful statements allegedly asserted in *John Doe #1* are not germane to the inquiry here, they are not further considered. Plaintiff has, additionally, attached to the complaint a copy of the proposed supplemental complaint he had filed in *John Doe #1*, a filing which was not allowed by that court. [ECF 1 at 17-36]. As the proposed supplemental complaint involving another case is not relevant to these proceedings, it is stricken.

In the case currently before the court, Plaintiff alleges that on February 19, 2021 he was seen at Pontiac by a Jane Doe Dentist. Defendant Jane Doe recommended replacing a loosened filling in one of Plaintiff's teeth. Plaintiff, however, insisted that the tooth be pulled. The Jane Doe Defendant extracted the tooth and showed it to Plaintiff, indicating that she had removed the tooth and two roots. Plaintiff claims, however, that the tooth had four roots and Defendant left two in his gum.

Plaintiff claims that, within two days of tooth being pulled, he began experiencing excruciating pain. He claims that "within a week to 10 days, (he) could feel the roots left in his gum deliberately, pushing at this gum walls trying to come out." [ECF 1 at 12]. He also claims that he believed the tooth to be infected as he could "taste" the infection. Plaintiff claims, without detail, that while he was given pain medication and antibiotics, they were ineffective. Plaintiff was seen by the Defendant Jane Doe again, approximately one month later. At that time Defendant Jane Doe incised an unidentified part of Plaintiff's gum and removed "particles," not otherwise explained.

On May 26, 2021, Plaintiff was taken to an outside provider identified as a John Doe oral specialist. Despite not knowing the name of this individual, Plaintiff claims that Defendant John Doe had "many lawsuits filed against him for deliberately harming inmates who make complaints." Plaintiff claims that Defendant John Doe, aided by a female assistant, used a bladed instrument to saw inside Plaintiff's mouth. Plaintiff asserts that, as the tooth had already been removed, the sawing must have been done to remove the roots which he believed remained in the gum. Plaintiff contradictorily claims, however, that the roots were not removed but merely "pushed back up into his gums to punish him, cause him pain and cause infection." He claims that within a week of the procedure, he could once again feel the roots in his gum. Plaintiff also alleges that the Defendant John Doe did not prescribe him antibiotics and prescribed only five days' worth of an unidentified pain medication.

Plaintiff claims to have made unspecified complaints to Dr. Tilden, nurses, dentists, Warden Jackson, and mental health professionals Drs. Howell and Sokol. Plaintiff asserts that Counselor Weber had a duty to ensure that plaintiff received proper treatment and failed to act. He claims that all defendants, with the exception of the nurses, failed to do their job. Plaintiff asserts violations of state and federal rights, not particularly described, as well as violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act. Plaintiff requests compensatory and punitive damages, the filing of criminal charges and the issuance of a temporary restraining order.

Plaintiff has filed a motion for leave to file a supplemental complaint based on imminent danger, as an attachment to his complaint. This filing at [ECF 1 at 15-16] is not supplemental to the original complaint, however, as it was filed contemporaneously with it. In addition, it cannot serve as an amended complaint as it contains no specific allegations against any defendant

named in the complaint. Furthermore, it appears duplicative of Plaintiff's contemporaneously filed motion for Temporary Restraining Order and injunctive relief [ECF 6]. As a result, the motion for leave to file a supplemental complaint is denied.

**ANALYSIS**

Plaintiff asserts that the Jane Doe Dentist left two roots in his gum at the time of the February 19, 2021 extraction. He alleges that, one month later, she performed a sham procedure where she incised the gum but did not remove two roots. Plaintiff also alleges that Defendant John Doe surgeon who saw him on May 26, 2021 "sawed" inside his mouth but that he, too, failed to remove the offending roots. Plaintiff does not explain why he believes that his dental pain is caused by two remaining roots or why he believes two dental professionals undertook procedures in which they did not remove the roots or merely pretended to remove them. The Court does not find credible Plaintiff's claims that he can feel the roots pushing against his gum trying to get out. Similarly, the Court does not find credible Plaintiff's claims that the oral surgeon pushed the roots of the tooth back into his gums to punish Plaintiff, as there is no explanation as to why this individual would be motivated to punish a prisoner whom he did not know and whom he was apparently seeing for the first time. In summary, the Court finds these allegations of fact improbable.

Plaintiff's claims that he did not receive adequate pain medication or antibiotic coverage is too vague to proceed. Plaintiff admits that the Jane Doe Defendant provided him pain medication and antibiotics but claims, without detail, that they were inadequate. Plaintiff admits that the John Doe oral surgeon provided him 5 days' worth of pain medication. While Plaintiff asserts that this was inadequate, he has not identified the medication he was given or explain why, five days after procedure, he would need additional pain medication. Plaintiffs does not

claim why he believed the Defendant John Doe should have prescribed him antibiotics. *See Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014) ("[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation."). While Plaintiff claimed that at some point, he could "taste" an infection, he does not allege that he advised either the Jane Doe Dentist or John Doe oral surgeon of this.

Plaintiff's bare assertion of violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act also fails to state a claim as Plaintiff does not allege that he was excluded from, or denied the benefits of, a program or service due to a disability. *Flynn v. Doyle*, 672 F. Supp. 2d 858, 878 (E.D. Wis. Nov. 24, 2009) (discussing the elements of and ADA and Rehabilitation Act claim, noting they "are nearly identical, and precedent under one statute typically applies to the other.") *See Wilson v. Murphy*, No. 14-222-, 2016 WL 1248993, at *6 (W.D. Wis. Mar. 29, 2016), *aff'd sub nom. Wilson v. Adams*, 901 F.3d 816 (7th Cir. 2018) ("a lawsuit under the Rehab Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions.") (internal citation omitted); *Resel v. Fox*, 26 Fed. Appx. 572, 577 (7th Cir. 2001); (a claim of inadequate medical treatment is improper under the ADA).

Plaintiff's general claim that he was being punished for complaints also fails to state a claim. Plaintiff fails to credibly plead that the dental professionals undertook sham procedures and merely pushed the roots back into his gum to punish him, cause him pain and promote infection. As noted, the Seventh Circuit has advised, the district courts that they are to closely examine Mr. Talley's claims of imminent danger as they "will not be automatically accepted." *Talley v. Meister*, No. 19-3032 (7th Cir. July 28, 2020) [ECF 19]. As Plaintiff has not credibly

6

pled that Defendants engaged in these actions, he has not pled that they did so in retaliation for his complaints.

While the failure to adequately treat pain might constitute imminent danger, Plaintiff has failed to adequately plead any such claim. In addition, as previously noted, Plaintiff may proceed IFP only if in imminent danger at the time the complaint is filed. *Ciarpagini,* 352 F3d at 330. Plaintiff alleges events and symptoms which occurred some months prior to filing and it is unclear whether he continues to suffer untreated symptoms. For these various reasons, Plaintiff's petition to proceed *in forma pauperis* [ECF 3], is denied and his complaint is DISMISSED.

## REQUEST FOR INJUNCTIVE RELIEF

Plaintiff has also filed [ECF 6], a motion for a temporary restraining order and preliminary injunction in which he reiterates the allegations of the complaint. The relief Plaintiff requests is that he be seen by an ethical oral specialist, that he receive appropriate antibiotics and pain medication, and that Defendants stop retaliating against him.

"A preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.,* 549 F.3d 1079, 1085 (7th Cir. 2008). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). If Plaintiff cannot establish one of the elements necessary for injunctive relief to issue, the Court need not consider the other elements. *See Ayoubi v. Wexford Health Sources, Inc.,* 819 Fed. Appx. 439, 441 (7th Cir. 2020) (citing *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)).

Here, the Court has determined that Plaintiff has failed to adequately plead deliberate indifference, retaliation, ADA and Rehabilitation Act claims, or unspecified state law claims. At this juncture, Plaintiff cannot establish a likelihood of success on the merits. *See Mays v. Dart*, 974 F.3d 810, 822 (7th Cir. 2020) (a Plaintiff must demonstrate more than a "'better than negligible' chance," and must establish "some likelihood of success on the merits." Plaintiff's motion for a temporary restraining order and preliminary injunction [ECF 6], is DENIED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's IFP petition [ECF 3] is DENIED and the complaint is DISMISSED, as the 3-strikes Plaintiff has failed to plead that he is in imminent dangers of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's motion for leave to file a supplemental complaint [ECF 1 at 15-16] is DENIED.

2. Plaintiff's motion for injunctive relief [ECF 6], is DENIED as Plaintiff has not established some likelihood that he would prevail on the merits of his claims.

3. This case is closed. All pending matters are rendered MOOT and internal deadlines are VACATED.

   9/15/2021  
ENTERED

   s/Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE